# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSE M. RODRIGUEZ,<br><br>PLAINTIFF,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, JOINTLY AND SEVERALLY,<br><br>DEFENDANTS. | CIVIL ACTION NO.<br>1:16-CV-00071-ELR |

**DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, MOTION TO AMEND INJUNCTION ORDER AND MOTION FOR ATTORNEY'S FEES TO ATTEND MEDIATION, COSTS FOR MEDIATION AND ATTORNEY'S FEES TO ENFORCE SETTLEMENT AGREEMENT**

**WARGO & FRENCH, LLP**
*Counsel for Federal National Mortgage Association and JPMorgan Chase Bank, National Association*

DAVID M. PERNINI
Georgia Bar No. 572399
dpernini@wargofrench.com

CODY S. WIGINGTON
Georgia Bar No. 653519
cwigington@wargofrench.com

999 Peachtree Street, N.E., 26th Floor
Atlanta, Georgia 30309
404.853.1500 (telephone) | 404.853.1501 (facsimile)

i

## I. **<u>INTRODUCTION</u>**.

Plaintiff's Motion to Enforce Settlement Agreement, Motion to Amend Injunction Order and Motion for Attorneys' Fees to Attend Mediation, Costs for Mediation, and Attorneys' Fees to Enforce Settlement Agreement ("Plaintiff's Motion") is nothing more than Plaintiff Jose M. Rodriguez's ("Plaintiff's") post-decision regret related to his rejection of Federal National Mortgage Association's ("FNMA's") May 13, 2016 settlement offer. This request should be summarily dismissed because it lacks any factual or legal basis. Indeed, Plaintiff has cited no legal authority that supports his position and failed to proffer any factual evidence in support of his request. The Court should therefore deny Plaintiff's motion to enforce a non-existent settlement agreement.

Ironically, in the same motion, Plaintiff also seeks Court approval to breach an agreement between Plaintiff and FNMA by asking that his obligation to pay monthly rent for continuing to possess the subject property be extinguished. Plaintiff essentially asks this Court to endorse a breach of contract that results in a "free lunch" for Plaintiff in the form of possession of the property without any requirement to reimburse FNMA for the costs associated with such possession. Much like Plaintiff's baseless request to enforce an alleged settlement and request to possess the property free of charge, Plaintiff's request for attorneys' fees and

costs should be denied because it lacks any legal support and is derivative of his other requests.

## II. FACTUAL BACKGROUND.

The property at issue in this lawsuit was foreclosed upon on September 1, 2015. (*See* Compl. ¶ 21.) This foreclosure occurred because Plaintiff undisputedly failed to meet his payment obligations under the loan for which the property served as security. On September 29, 2015, FNMA, the current owner of the property, made a proper demand for possession of the property in accordance with O.C.G.A. § 44-7-50. (Order, *Rodriguez v. Federal National Mortgage Association, et al.*, Case No. 16-cv-00071-ELR [Doc. 5] p. 2 (January 14, 2016) ("Order Postponing Eviction").)

On October 21, 2015, FNMA filed a valid dispossessory proceeding in accordance with applicable state law in the Magistrate Court of Gwinnett County, Georgia under Case No. 15-M-31059. (*Id.*) Plaintiff failed to file a response to the dispossessory proceeding and, on November 9, 2015, the Magistrate Court of Gwinnett County, Georgia issued a Writ of Possession.

FNMA previously attempted to execute on the Writ of Possession and had a lockout scheduled for January 14, 2016. (*Id.*) However, on January 11, 2016, Plaintiff filed this lawsuit principally claiming that the September 1, 2015 foreclosure was wrongfully. Despite having the authority to move forward with

the dispossessory, FNMA agreed to postpone the scheduled eviction and agreed to a Consent Order in this regard. (*See* Order Postponing Eviction.) Understanding that Plaintiff's claims would not be resolved prior to the expiration of the Order Postponing Eviction, FNMA voluntarily agreed to extend the postponement until the conclusion of this litigation. (*See* Joint Consent Motion to Extend the Court's January 14, 2016 Order and to Stay Pretrial and Discovery Deadlines [Doc. No. 21].) FNMA has voluntarily refrained from evicting Plaintiff in an attempt to amicably work toward a resolution of this matter with the Plaintiff.

While this dispute, initiated by Plaintiff, is ongoing, however, FNMA is incurring carrying costs, such insurance and taxes, and is deprived of its right to utilize the real property asset to which it has legal title.

Prior to the May 23, 2016 mediation, FNMA's prior counsel propounded a settlement offer for the then current make-whole amount of the property. (*See* Exh. No. 1, Letter from Drew Stutzman, Esq. to Plaintiff (May 13, 2016)). To accept this offer, Plaintiff was required to tender an initial deposit, provide adequate proof of sufficient funds to pay the entire make-whole amount, and provide an executed purchase agreement prior to the day of mediation, May 23, 2016. (*Id*.) It is undisputed that Plaintiff never paid any initial deposit or took any of the other required actions to accept this offer.

Instead, on May 23, 2016, Defendants counsel and a corporate representative participated in mediation with the Plaintiff.[1] Throughout the entire mediation, Plaintiff did not once mention a settlement offer proffered by FNMA prior to the mediation. In fact, Plaintiff submitted an offer to Defendants to settle the case for substantially less than the make-whole amount contained in the May 13, 2016 offer. By operation of law, this offer amounted to a rejection of any outstanding offers made by Defendants.

The mediation did not result in settlement of this matter; rather, the parties agreed to continue discussions whereby Plaintiff could purchase the property from FNMA.[2]

FNMA has voluntarily refrained from evicting Plaintiff in an attempt to amicably work toward a resolution of this matter with the Plaintiff, including agreeing to mediation with the Plaintiff, (*see* Joint Consent Motion to Extend the Court's January 14, 2016 Order and to Stay Pretrial and Discovery Deadlines [Doc. No. 21]), and agreeing to stay the Court's ruling on Defendants' Joint Motion to Dismiss Plaintiff's Complaint, (*see* Motion to Stay Issuance of Order on Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 32]). FNMA has also attempted to settle this matter in good faith and resolve

---

[1] FNMA's prior counsel was not present at the mediation.
[2] Although Defendants' counsel had certain settlement authority at the mediation, the specific make-whole settlement arrangement was outside the scope of that settlement authority.

Plaintiff's purported claims. However, Plaintiff failed to timely respond to FNMA's settlement offer and, indeed, rejected the offer by counteroffering for substantially less than FNMA's offer.

### III. LEGAL STANDARD.

Federal courts use the applicable state's contract law to construe and enforce settlement agreements. *Cohen v. DeKalb County School Distr.*, No. 1:09-CV-1153-WSD, 2009 WL 4261161 *4 (N.D. Ga. Nov. 25, 2009) (*citing Vinnett v. Gen. Elc. Co.*, 271 Fed. Appx 908, 912 (11th Cir. 2008). "Under Georgia law, a motion to enforce a settlement agreement is evaluated under the standards similar to a motion for summary judgment." *Id*. (*citing Ballard v. Williams,* 223 Ga. App. 1, 476 S.E.2d 783, 784 (1996)). The party seeking to enforce bears the burden of demonstrating the absence of a genuine dispute as to any material fact. *Cohen*, 2009 WL 4261161, at *4 (*citing Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1246 (11th Cir. 1999); *Smith v. Gordon,* 266 Ga. App. 814, 598 S.E.2d 92, 93 (2004)).

The Court must draw all disputed factual inferences in the light most favorable to the non-moving party. *Cohen*, 2009 WL 4261161, at *4 (*citing Vinnett,* 271 Fed. Appx at 912; *Scott v. Harris,* 550 U.S. 372 (2007); *Smith,* 598 S.E.2d at 93). ***Once the moving party has met its burden***, the non-movant must demonstrate that judgment is inappropriate by designating specific facts showing a

6

genuine issue for trial. *Cohen*, 2009 WL 4261161, at *4 (*citing Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1282 (11th Cir. 1999)) (emphasis added). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." *Id.* "If the record presents factual issues, the court must not decide them; ***it must deny the motion*** and proceed to trial." *Cohen*, 2009 WL 4261161, at *4 (*quoting Herzog,* 193 F.3d at 1246) (emphasis added).

## IV. ARGUMENT AND CITATION TO AUTHORITY.

### A. Plaintiff's Motion fails to present any evidence in support of his claims that an enforceable settlement agreement existed.

Georgia law is clear that a party seeking to enforce a settlement agreement must proffer documents, affidavits, depositions and other evidence in the record revealing that he is entitled to enforce the alleged settlement agreement as a matter of law. *Cohen*, 2009 WL 4261161, at *4. In the present case, Plaintiff failed to proffer any evidence whatsoever. (*See generally* Plaintiff's Motion.) Plaintiff merely filed a bare-bones motion asking the Court to enforce an undefined settlement agreement. (*Id.*) This is profoundly deficient. Accordingly, there is no evidence in the record to support Plaintiff's Motion, and the Court should deny Plaintiff's Motion.

### B. Plaintiff rejected the May 13, 2016 settlement offer by counter-offering for less than FNMA's offer.

Under Georgia law, an agreement for settlement and compromise of a pending lawsuit must meet the same formation and enforceability requirements as any other contract. *Cohen*, 2009 WL 4261161, at *4 (*citing Blum v. Morgan Guar. Trust Co. of New York,* 709 F.2d 1463, 1467 (11th Cir. 1983)). The required elements of a contract under Georgia law are: (1) parties that are able to contract; (2) consideration; (3) mutual assent of terms; and (4) subject matter of the contract. O.C.G.A. § 13–3–1.

"[I]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." *Cohen*, 2009 WL 4261161, at *4 (*quoting S. Med. Corp. v. Liberty Mut. Ins. Co.,* 216 Ga. App. 289, 454 S.E.2d 180, 182 (1995)). A response to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. *Cohen*, 2009 WL 4261161, at *4 (*quoting Anderson v. Benton,* 295 Ga. App. 851, 855, 673 S.E.2d 338 (2009)). "To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." *Id.* Any purported acceptance of a settlement offer that modifies or otherwise varies the offer is construed as a counteroffer. *Id*.

A counteroffer operates to reject an offer and to terminate the power of acceptance. *Lamb v. Fed. Savings & Loan Assn.*, 201 Ga. App. 583, 585, 411 S.E.2d 527 (1991) (*citing Duval & Co. v. Malcom*, 233 Ga. 784, 787, 214 S.E.2d 356). "[I]f there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement . . . it must follow that a valid and binding contract was ***not*** made." *Cohen*, 2009 WL 4261161, at *5 (*quoting BellSouth Advertising, etc., Corp. v. McCollum,* 209 Ga.App. 441, 445, 433 S.E.2d 437 (1993) (emphasis added)).

In the present case, Plaintiff failed to accept the terms of the May 13, 2016 settlement offer and, indeed, rejected those terms by submitting a counteroffer containing a proposed purchase price of substantially less than the May 13, 2016 offer. In addition, Plaintiff did not accept the terms of the May 13, 2016 settlement offer by making the requisite payment and providing the requisite information to FNMA prior to the May 23, 2016 acceptance deadline. Consequently, there was no meeting of the minds, and no enforceable settlement agreement exists. As such, Plaintiff's Motion should be denied.

### C. Plaintiff should not be relieved from his obligation to pay rent into the registry of the Court during the pendency of this lawsuit.

FNMA and Plaintiff have a valid agreement, approved by the Court, whereby FNMA will postpone evicting Plaintiff in exchange for Plaintiff's payment of a sum certain in monthly rent. (*See* Order Postponing Eviction; Joint

Consent Motion to Extend the Court's January 14, 2016 Order and to Stay Pretrial and Discovery Deadlines [Doc. No. 21].)

Importantly, FNMA *voluntarily* agreed to postpone the eviction of Plaintiff from the subject property while it attempts to resolve the purported claims brought by Plaintiff.  FNMA was not legally required to agree to such an arrangement and was at no threat of being enjoined from proceeding with the eviction because: (1) the alleged invalidity of a foreclosure – as alleged here – cannot be asserted as a defense to a dispossessory proceeding, (*Jackman v. LaSalle Bank, N.A.*, 299 Ga. App. 894, 895, 683 S.E.2d 925, 927 (2009)), and (2) FNMA cannot be enjoined from proceeding with the eviction under the Anti-Injunction Act[3] and the *Rooker-Feldman* doctrine.  *See Peterson v. Merscorp Holding, Inc.*, Civil Action No. 1:12-cv-00014-JEC, 2012 WL 3961211 (N.D.Ga. Sept. 10, 2012) ("Plaintiffs' request for this Court to enjoin the ongoing dispossessory action is barred by the Anti-Injunction Act, 28 U.S.C. § 2283."); *Christophe v. Morris*, 198 Fed. Appx. 818, 825 (11th Cir. 2006) (holding that the district court properly dismissed Plaintiff's complaint challenging the eviction under *Rooker-Feldman* because federal courts are not the proper venue for appealing a state court judgment).

In addition, Plaintiff *voluntarily* agreed to pay rent into the registry of the Court during the pendency of this case.  It would be an injustice to allow Plaintiff

---

[3] 28 U.S.C.A. § 2283.

10

to breach that agreement and allow Plaintiff to continue possessing the property free of charge. In addition to being deprive of its use of the property, FNMA would be forced to incur, without reimbursement, carrying costs such as insurance and taxes. Importantly, Georgia law recognizes the palpable unfairness when tenants at sufferance do not relinquish possession of the title holders' property. *See* O.C.G.A. § 44-7-54. Indeed, under O.C.G.A. § 44-7-54, tenants at sufferance[4] are required to pay rent and other costs otherwise borne by the title holder into the registry of the court during the pendency of litigation concerning rights to the property. *Id.*

Consequently, in the present case, Plaintiff is simply a tenant at sufferance who now seeks to utilize the property free of charge. The Court should not allow Plaintiff to breach the agreement with FNMA and punish FNMA for voluntarily postponing the eviction of Plaintiff from the property during the pendency of this case in exchange for rent payments. Accordingly, the Court should deny Plaintiff's Motion.

### D. Plaintiff's derivative claim for attorneys' fees and costs should be denied because it is not warranted under applicable law.

Plaintiff's claim for attorneys' fees and expenses necessarily fail along with his request to enforce the alleged settlement agreement. As a prerequisite to an

---

[4] Notably, a borrower who remains in possession of real property after the property has been foreclosed upon becomes a tenant at sufferance and is subject to dispossession. *See Jackman*, 299 Ga. App. at 895, 683 S.E.2d at 927.

award for attorneys' fees and expenses, the claimant must succeed on at least one underlying substantive claim. *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (1996) (finding prerequisite to award of attorney's fees is "award of damages or other review on the underlying claim"). In addition, there is simply no authority to support an award of attorneys' fees in the circumstance at bar, and Plaintiff implicitly recognizes this as he has not pointed to any supporting authority. Accordingly, the Court should deny Plaintiff's Motion.

V. **CONCLUSION.**

For the foregoing reasons, FNMA and Chase request that the Court deny Plaintiff's Motion and proceed with ruling on Defendants' Joint Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted this 29th day of July 2016.

**Wargo & French, LLP**
*Counsel for Federal National Mortgage Association and JP Morgan Chase Bank, National Association*

*/s/ Cody S. Wigington*
David M. Pernini
Georgia Bar No. 572399
Cody S. Wigington
Georgia Bar No. 653519
999 Peachtree Street, N.E., 26th Floor
Atlanta, Georgia 30309
404.853.1500 (telephone)
dpernini@wargofrench.com
cwigington@wargofrench.com

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

*/s/ Cody S. Wigington*
CODY S. WIGINGTON

**RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, MOTION TO AMEND INJUNCTION ORDER AND MOTION FOR ATTORNEY'S FEES TO ATTEND MEDIATION, COSTS FOR MEDIATION AND ATTORNEY'S FEES TO ENFORCE SETTLEMENT AGREEMENT**, *Jose M. Rodriguez v. Federal National Mortgage Association and JPMorgan Chase Bank, National Association*, Case No. 16-cv-00071-ELR, United States District Court for the Northern District of Georgia, Atlanta Division

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day filed a true copy of the foregoing **DEFENDANT RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, MOTION TO AMEND INJUNCTION ORDER AND MOTION FOR ATTORNEY'S FEES TO ATTEND MEDIATION, COSTS FOR MEDIATION AND ATTORNEY'S FEES TO ENFORCE SETTLEMENT AGREEMENT** with the Clerk of Court using the CM/ECF, which will automatically send e-mail notification to all counsel of record.

This 29th day of July 2016.

*/s/ Cody S. Wigington*
CODY S. WIGINGTON
